Mr. Justice Thacher
delivered the opinion of the court.
This was an action of assumpsit, instituted in the circuit court of Holmes county.
The point insisted upon as error, is that the court below refused to allow the defendant there a bill of discovery against his plaintiff. The bill of discovery was presented at the time *578 ■when the cause was called for trial, and prays for a continuance of the cause to procure the answer from the plaintiff.
Passing by, without an examination, the merits of the evidence expected to be derived from the use of the bill of discovery, this case, strictly, must be made to turn upon a point of legal practice. The allowance of the bill of discovery would have compelled necessarily, as the bill shows, an order for a continuance of the case to the succeeding term of the circuit court. The granting of a continuance of a cause is peculiarly within the discretion of the court, and the refusal of a continuance is not such a matter as is a subject of a writ of error. Noe v. The State, 4 How. 330; Babcock, et al. v. Scott, et al. 1 Ib. 100. In this instancé, the suit was instituted on the 6th of April, 1841, and the trial did not take place until the 28th of October, 1842. This interval afforded ample time, with the use of ordinary diligence, to have prepared the defence, to have ascertained what proof was required, and to have obtained it before the trial. We are bound to suppose that the court below refused the bill on account of the want of such diligence. Even equity will leave a party to bear the consequences, where he becomes remediless at law by his own negligence.
This case is similar, also, to that of Dillahuaty, et al. v. Smith, 7 How. 673, wherein this court decided that the allowing a bill of discovery is a matter in the sound legal discretion of the court, and that an application for such bill being made when a cause has been called for trial, came too late. It is not intended here to say that, if a case should be made out to the satisfaction of the court below, even at that late hour, which ought to entitle an applicant to the discovery, it should be refused. But there are no circumstances or showing in the bill of discovery in this case which would take it out of the rule adopted in the case referred to above.
Judgment affirmed.